UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NIDAL JABER** | * | **CIVIL ACTION: 2:12-cv-01071** |
| | * | |
| **VERSUS** | * | **SECTION: "C"(1)** |
| | * | |
| **STATE FARM MUTUAL** | * | **JUDGE HELEN G. BERRIGAN** |
| **AUTOMOBILE INSURANCE** | * | |
| **COMPANY and CLIFF ROBICHEAUX** | * | |
| **INSURANCE AGENCY, INC.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**[1]

Before this Court are two motions: a Motion to Remand to State Court ("Motion to Remand") by Plaintiff, Nidal Jaber ("Plaintiff" or "Jaber") and a Motion for Summary Judgment by one Defendant, Cliff Robicheaux Insurance Agency, Inc. ("Robicheaux"). Rec. Doc. 10; Rec. Doc. 15. Defendants, State Farm Mutual Automobile Insurance Company ("State Farm") and Robicheaux (collectively "Defendants") oppose the Motion to Remand alleging improper joinder of Robicheaux by Plaintiff to prevent removal to federal court. Rec. Doc. 14 at 8. Plaintiff opposes the Motion for Summary Judgment alleging that there is a material issue of fact in determining Robicheaux's liability in failing to procure insurance for the policy period. Rec. Doc. 22 at 3. Having considered the memoranda of counsel, the record, and the applicable law,

---

[1] Adreanne Stephenson, a second-year law student at the University of Notre Dame helped prepare this order.

1

the Court **GRANTS** the Motion to Remand and **DENIES AS MOOT** the Motion for Summary Judgement for the following reasons.

## FACTUAL BACKGROUND

On April 9, 2012, Plaintiff filed a claim with his insurance company, State Farm, after he drove his 2010 Chevrolet Camaro onto a flooded street and totaled the car. Rec. Doc. 1 at 2; Rec. Doc. 10-1 at 1. Plaintiff claims State Farm arbitrarily and capriciously denied his claim to recover full value of his totaled vehicle. *Id.* Plaintiff, a citizen of Louisiana, filed suit against State Farm, an Illinois company, seeking damages for failure to pay under the insurance contract for property damage, penalties allowed under Louisiana's Bad Faith Insurance Practices, and damages for extreme mental anguish. Rec. Doc. 1 at 3; Rec. Doc. 14 at 1.

Robicheaux, a Louisiana corporation, was also made a defendant in this suit. Plaintiff applied and procured a State Farm automobile insurance policy through Robicheaux for his Camaro. Rec. Doc. 14-3, ¶ 3. Robicheaux forwarded the application and requested Comprehensive Coverage for Plaintiff's vehicle to State Farm. Rec. Doc. 14 at 10. Plaintiff alleges that Robicheaux was negligent in its failure to procure adequate insurance to cover the total loss of Plaintiff's unique vehicle by only recommending coverage in the amount of $25,000. Rec. Doc. 10-1 at 2.

Additionally, Plaintiff alleges that the vehicle is worth $59,148.75: he alleges that he bought it for $40,148.75 in 2009 and installed upgrades costing $19,000. Rec. Doc. 14 at 2; Rec. Doc. 14-5; Rec. Doc. 14-6. State Farm subsequently removed the case to this Court alleging diversity jurisdiction on the ground that Robicheaux was improperly joined to prevent removal. Rec. Doc. 1. Plaintiff disagrees and has filed this Motion to Remand.

## LAW AND ANALYSIS

Under 28 U.S.C. § 1441, a case may be removed to federal court if it has "original jurisdiction." When removing a case, the defendant must prove that the district court has subject matter jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The parties in an action cannot consent or waive defects of subject matter jurisdiction. Fed. R. Civ. P. 12. The requirements of diversity jurisdiction under 28 U.S.C. § 1332 are: 1) complete diversity between citizens of different states and 2) the amount in controversy must exceed $75,000 with "legal certainty."*Addo v. Glove Live and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

Complete diversity is upheld when an opposing party has the same citizenship as the plaintiff only if the plaintiff fraudulently joined the non-diverse defendant to avoid federal court. Since the fraudulent joinder doctrine is a narrow exception to the rule of complete diversity, the burden of proving fraudulent joinder is a heavy one. *Smallwood v. Ill. R.R. Co.,* 352 F.3d 220, 222 (5th Cir. 2003). Improper joinder may be proved in two ways: "1) actual fraud in the pleading of jurisdictional facts or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). *Radlauer v. Great N. Ins. Co.,* No. 06-1737, 2006 WL 1560791, at *4 (E.D. La. May 16, 2006).

The Fifth Circuit requires factual allegations to be evaluated in the light most favorable to the plaintiff when considering contested issues of fact in a fraudulent joinder claim. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). If there is even a possibility that a state court would find a cause of action against any in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendants were properly joined, there

is incomplete diversity, and the case must be remanded to the state court. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).  The test in determining whether a plaintiff states a valid claim against the non-diverse defendant is a 12(b)(6) type analysis which evaluates the initial allegations found in the complaint.  *Southern Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406, at *2 (E.D. La. Sept. 6, 2006).  If the claim survives the 12(b)(6) analysis, it is properly joined.  *Id.*  To fail the test, there must be no reasonable basis for filing suit against the in-state defendant. *Id.*  Ambiguities are construed against removal in favor of remanding to the state court.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

    Under Louisiana law, an action may be filed against an insurance agent or broker who fails to procure requested insurance.  *See Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973); *Am. Zurich Ins. Co. v. Johnson*, 850 So.2d 1112, 1115 (La. Ct. App. 2003).  Insurance agents are employed by an insurer to solicit risks and effect insurance.  *Am. Zurich*, 850 So.2d at 1115.  An agent transacts business and acts as a representative with the authority to solicit, negotiate, and bind insurance contracts on the insurer's behalf.  *Fair Grounds Corp. v. Travelers Indem. Co. of Ill.*, 742 So.2d 1069, 1075 (La. Ct. App. 1999).   Negligence suits against insurance agencies are valid in Louisiana court because they have a duty to procure insurance for a client using reasonable diligence. *Karam*, 281 So.2d at 730.  The client may recover loss sustained due to an agent's failure to procure the desired coverage.  *Id.*

    Insurance brokers solicit insurance for members of the public, independent of any specific company, placing the insurance with any company selected by the insured or the broker himself.  *Am. Zurich*, 850 So.2d at 1115. The insurance *broker* is the agent of the insured in

procuring an insurance policy whereas the insurance *agent* represents the insurer. *Id.* (emphasis added). The negligent actions of a broker are not imputable to the insurer so a broker may be found independently negligent for a client's loss. *See Am. Zurich*, 850 So.2d at 1115-16. Therefore, an agent and a broker can be negligent for the insured's loss independent of the insurer's liability. *E.g. Karam*, 281 So.2d at 729-30 (plaintiff sued liability insurer for the maximum coverage amount stated in policy and had a cause of action against agent who procured only $10,000 instead of the $100,000 coverage agreed upon).

For example, in *Southern Athletic Club*, one defendant, an insurance broker, was properly joined because there was a reasonable basis to predict the plaintiff may recover on a negligence claim. 2006 WL 2583406, at *3. The Court found that the broker's duty to his client may have been greater than merely procuring insurance; the broker's duty depended on the services it committed to perform and the agreements made between them and the client. *Id.* The plaintiff alleged that the agent breached its duty to obtain coverage for the property at its full value with replacement cost coverage. *Id.* Since the client discussed the value of the property with the agent, requested full coverage for the property, and purchased the building limit of insurance, the Court found the allegations were sufficient to survive a 12(b)(6) challenge and the agency was properly joined. *See also*, *Fidelity Homestead Association v. Hanover Ins. Co.*, 458 F. Supp. 2d 276, 282 (E.D. La. 2006) (where insurance agents were properly joined as defendants because the claims arose out of the same insurance coverage policy). Therefore, filing suit against an insurance agent or broker is valid under Louisiana law. *Id.*

The parties do not dispute that there are Louisiana citizens on both sides of the litigation or that complete diversity does not exist on the face of the pleadings. Rather the issue is whether

or not joinder of Robicheaux was proper.  State Farm contends that Robicheaux was improperly joined because Plaintiff fails to state a claim against Robicheaux. Rec. Doc. 14 at 9. Specifically, State Farm argues that Robicheaux simply forwards the insurance application over to State Farm and does not recommend a value on a vehicle sought to be insured. Rec. Doc. 14 at 10.  Plaintiff contends that Louisiana law allows an insured client to bring a claim against an insurance agent who fails to procure adequate insurance for a client. Rec. Doc. 17 at 4-5; *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d. 728, 730 (La. 1973); *S. Athletic Club, LLC v. Hanover Insurance Co.*, No. 06-2605, 2006 WL 2583406, at *3 (E.D. La. Sept. 6, 2006). Plaintiff argues that Robicheaux, as an agent of State Farm, breached its duty to obtain coverage for the car at its full value.  Rec. Doc. 17 at 5.

The present case should be remanded to Louisiana state courts because a cause of action may exist against Robicheaux.  Taking the facts in the light most favorable to Plaintiff, Robicheaux sold a State Farm insurance policy to Plaintiff and recommended coverage up to $25,000. Rec. Doc. 1-2 at 1; Rec. Doc. 10-1 at 2.  Even though State Farm claims Robicheaux did not recommend a value on the vehicle, Robicheaux allegedly did "request for Comprehensive Coverage for the Plaintiff's vehicle."  Rec. Doc. 14 at 10.  According to the record, it is ambiguous as to whether Robicheaux recommended a value for the Camaro, so it must be construed in favor of remanding to the state court.

It is unclear from the record whether Robicheaux is an agent or a broker. However, the distinction is not pertinent in surviving the 12(b)(6) challenge since an agent and a broker can be negligent for an insured client's loss. Plaintiff alleges that Robicheaux failed to recommend adequate insurance coverage and under Louisiana law, a client may recover from an agent's

failure to procure desired coverage.  Plaintiff contends that Robicheaux had information that the vehicle was valued in excess of $50,000 so depending on the specific conversations between Plaintiff and the agency, Robicheaux may have had a greater duty to perform on specific agreements made with Plaintiff.  Plaintiff in this case is similar to the plaintiff in *Southern Athletic Club,* who alleged that the agent breached its duty to obtain coverage for the property at its full value after detailed discussions with the agency. In *Southern Athletic Club*, a cause of action did exist under Louisiana law and joinder was proper.   Plaintiff in this case alleges the same breach for inadequate coverage recommended by Robicheaux after the "agent represented to [Plaintiff] that the vehicle [was] fully and adequately insured."  Rec. Doc. 10-1 at 5.  Since Robicheaux could be found negligent for breaching its duty to procure proper insurance, Robicheaux is properly joined.  Defendants failed to prove there is no reasonable basis of recovery under Louisiana law; thus, the heavy burden of improper joinder is not met. Therefore, there is incomplete diversity and the district court does not have jurisdiction over this case.

   In addition to complete diversity, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000 with legal certainty.  *Craft v. State Farm Fire & Cas. Ins. Co.*, No. 09-789, 2009 WL 1707901, at * 2 (E.D. La. June 15, 2009); *Addo*, 230 F.3d at 761.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,*63 F.3d 1326, 1335 (5th Cir.1995) (emphasis in original). If the "facially apparent" test has not been met,

the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id.* "Bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289. The Court requires specificity from the parties in order to ensure that it has proper jurisdiction. *See Fernández v. Allstate Ins. Co.*, No. 07-9299, 2008 WL 314405, at *2 (E.D. La. Feb. 1, 2008).

Civil penalties may be taken into account in determining the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). However, a defendant must do more than state a plaintiff made claims for statutory penalties by presenting facts that indicate the propriety of such penalties. *Cowart v. State Farm Fire & Cas. Ins. Co.*, No. 09-570, 2009 WL 1940913, at * 3 (E.D. La. July 2, 2009). Even though a statutory penalty could be used to establish threshold jurisdiction, all claims for statutory penalties do not raise the amount above the jurisdictional minimum. *Id.* The statutory penalties may be included in the amount of controversy only if a breach by the insurance company under the Louisiana Revised Statute § 22:1973(B)(1-6) is demonstrated with actual evidence presented by the parties. *Craft*, 2009 WL 1707901, at *4. Simply stating that a party may be entitled to penalties is not enough. *Id.*

In addition to incomplete diversity, Defendants in the present case cannot show that the amount in controversy exceeds $75,000 with legal certainty. Plaintiff seeks relief for property damage, penalties allowed under Louisiana's Bad Faith Insurance Practices, and extreme mental anguish. Proof of the purchase price and the upgrade amount for the car are found in the record. Rec. Doc. 14-5; Rec. Doc. 14-6. This is affirmative proof of the car's worth and is included in the amount of controversy. According to Louisiana law, Plaintiff alleges that State Farm

participated in bad faith insurance practices: "State Farm has done nothing but harass him, investigated his financial records, and other non-related activities with the purposes of having him walk away from his claim." Rec. Doc. 1 at 3. Plaintiff also claims State Farm arbitrarily delayed pay out of his claim for reasons based on Plaintiff's ethnic and national background. *Id.* However, Plaintiff never provides proof in the record supporting these allegations. Plaintiff has neither provided evidence demonstrating the "arbitrary and capricious" nature of State Farm's actions, nor proof of ethnic and national background discrimination.

As for affirmative proof, Defendants merely state that "Plaintiff could prove that State Farm breached a duty under the statute" without pointing to specific "arbitrary and capricious" behaviors shown by State Farm.  Rec. Doc. 14 at 6.  Facts are not presented by either parties indicating the proprieties of such penalties alleged by Plaintiff.  Therefore, the fifty percent damages on the amount found to be due from the insurer available for a successful Louisiana bad faith claim cannot be included in the amount of controversy calculation.  2012 La. Sess. Law Serv. 9-10 (West); Rec. Doc. 14 at 2.  Similarly, there is no proof in the record showing extreme mental anguish suffered by Plaintiff therefore it cannot be used in determining the amount in controversy.  Since the property damage of $59,148.75 does not exceed $75,000, the federal district court does not have jurisdiction over this case. Therefore, the Court declines to address the Motion for Summary Judgment.

## CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand to State Court is **GRANTED**.  Rec. Doc. 10.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgement is **DENIED AS MOOT**. Rec. Doc. 15.

New Orleans, Louisiana, this 23rd day of July, 2012.

`

                                        **HELEN G. BERRIGAN**
                                        **UNITED STATES DISTRICT JUDGE**